**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000894
11-AUG-2015
09:32 AM**

NO. CAAP-14-0000894

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
STEVE S. CHUNG, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 12-1-1482)


MEMORANDUM OPINION
(By:  Nakamura, C.J., Foley and Fujise, JJ.)

Defendant-Appellant Steve S. Chung (**Chung**) appeals from the "Judgment of Conviction and Probation Sentence," entered on June 3, 2014 in the Circuit Court of the First Circuit[1] (**circuit court**).

On appeal, Chung contends the circuit court erred in convicting him of unauthorized control of propelled vehicle (**UCPV**), under Hawaii Revised Statutes (**HRS**) § 708-836 (2014 Repl.),[2] because:

---

[1]  The Honorable Randal K.O. Lee presided.

[2]  **§ 708-836 Unauthorized control of propelled vehicle.** (1) A person commits the offense of unauthorized control of a propelled vehicle if the person intentionally or knowingly exerts unauthorized control over another's propelled vehicle by operating the vehicle without the owner's consent or by changing the identity of the vehicle without the owner's consent.

(2) "Propelled vehicle" means an automobile, airplane, motorcycle, motorboat, or other motor-propelled vehicle.

(continued...)

(1) the circuit court's jury instructions were prejudicially insufficient, erroneous, inconsistent, and misleading, thus violating Chung's constitutional rights to due process and fair trial; and

(2) the jury was irreparably tainted by a juror's opinion that Chung had a "huge creep factor," thus violating Chung's constitutional rights to due process and fair trial by an impartial jury.

## I. BACKGROUND

On October 4, 2012, Sergeant Albert Lee (**Sergeant Lee**) of the Honolulu Police Department (**HPD**) pulled Chung over at a red light at an intersection on Kanunu Street. Chung was driving a yellow moped with a yellow paper inserted into the ignition instead of a key. Sergeant Lee testified that he explained to Chung that he wanted to check if the moped was stolen and that Chung told him that he had a key and that the moped was not stolen. Through his computer system, Sergeant Lee entered the emblem number, obtained the serial number, and learned that the moped had been reported stolen. The registered owner was listed as George Calventas (**Calventas**). Sergeant Lee then telephoned Calventas who confirmed the moped was still stolen and that he

---

[2](...continued)
        (3) It is an affirmative defense to a prosecution under this section that the defendant:

    (a)    Received authorization to use the vehicle from an agent of the owner where the agent had actual or apparent authority to authorize such use; or

    (b)    Is a lien holder or legal owner of the propelled vehicle, or an authorized agent of the lien holder or legal owner, engaged in the lawful repossession of the propelled vehicle.

        (4) For the purposes of this section, "owner" means the registered owner of the propelled vehicle or the unrecorded owner of the vehicle pending transfer of ownership; provided that if there is no registered owner of the propelled vehicle or unrecorded owner of the vehicle pending transfer of ownership, "owner" means the legal owner.

        (5) Unauthorized control of a propelled vehicle is a class C felony.

did not know Chung. Chung was placed under arrest.

Upon further observation of the moped, Sergeant Lee testified that he noticed "[t]he ignition, where the ignition was supposed to be, was missing, it was just a hole over there, the trunk lock was punched, and the -- the yellow paper was inside the ignition hole, covering it." Sergeant Lee testified that Chung never produced a key for the moped.

On October 8, 2012, Chung was charged with "intentionally or knowingly exert[ing] unauthorized control over a propelled vehicle, by operating the vehicle without the consent of George Calventas, owner of said vehicle, thereby committing the offense of Unauthorized Control of Propelled Vehicle, in violation of [HRS § 708-836]."

On February 26, 2014 and February 27, 2014, the circuit court held a jury trial on Chung's charges. At the trial, Chung testified that he bought the moped from an acquaintance, Dell, who he met through his friend, Joe. Chung stated that when he first noted the ignition was missing it "raised some alarms" and that his "initial thought was it might be stolen." Chung testified that Dell told him that "somebody had tried to steal [the moped] and that's why he was getting rid of it." Chung testified that he had Joe "call up 911 or the Satellite City Hall" to "check to see if the thing was stolen or not." After 5 minutes on the phone, Chung testified that Joe gave him a "thumbs up," which he took to mean that "the moped was clean and it wasn't reported stolen." Chung testified that he had not received the registration after purchasing Dell's moped because "[Dell] promised [him] within two days he would get the registration and the paperwork."

After all witnesses had testified and outside the presence of the jury, the circuit court settled the jury instructions, which included proposed instruction numbers 17 and 20 that stated:

COURT'S GENERAL INSTRUCTION NO. 17 [(Instruction 17)]

The state of mind with which a person "intentionally" or "knowingly" commits an act may be proved by

3

circumstantial evidence. While witnesses may see and hear, and thus be able to give direct evidence of what a person does or fails to do, there can be no eye-witness account of the state of mind with which the acts are done or omitted. But what a person does or fails to do may or may not indicate the state of mind with which he does or refrains from doing an act.

. . . .

COURT'S GENERAL INSTRUCTION NO. 20 [(Instruction 20)]

[Chung], is charged with the offense of Unauthorized Control of Propelled Vehicle.

A person commits the offense of Unauthorized Control of Propelled Vehicle if he intentionally or knowingly exerts unauthorized control over another's propelled vehicle by operating the vehicle without the owner's consent.

There are three material elements of the offense of Unauthorized Control of Propelled Vehicle, each of which the prosecution must prove beyond a reasonable doubt.

These three elements are:

1. That, on or about the 4th day of October, 2012, in the City and County of Honolulu, [Chung], exerted unauthorized control over [Calventas'] propelled vehicle; and

2. That [Chung], did so by operating the vehicle without [Calventas'] consent; and

3. That [Chung], did so intentionally or knowingly.

"Owner" means the registered owner of the propelled vehicle or the unrecorded owner of the vehicle pending transfer of ownership; provided that if there is no registered owner of the propelled vehicle or unrecorded owner of the vehicle pending transfer of ownership, "owner" means the legal owner.

"Propelled vehicle" means an automobile, airplane, motorcycle, motorboat, or other motor-propelled vehicle.

The circuit court noted that Instructions 17 and 20 were "given by agreement." Neither the prosecutor nor the defense counsel objected to the use of the instructions as proposed. When the jury returned, the circuit court instructed the jury as to the agreed upon instructions, including Instructions 17 and 20.

On June 3, 2014, the circuit court sentenced Chung, *inter alia*, to five years HOPE Probation[3] with a term of imprisonment of one year, subject to early release to a

---

[3] Hawaii's Opportunity Probation with Enforcement (**HOPE**) Probation is a program designed to reduce probation violations by drug offenders and others at high risk of recidivism.

4

residential substance abuse program.  On the same day, the circuit court filed its "Judgment of Conviction and Probation Sentence."

On June 19, 2014, Chung filed this timely notice of appeal.

## II.  STANDARD OF REVIEW

### A.  Jury Instructions

The Hawai'i Supreme Court has held that

> although as a general matter forfeited assignments of error are to be reviewed under [Hawai'i Rules of Penal Procedure (HRPP)] Rule 52(b) plain error standard of review, in the case of erroneous jury instructions, that standard of review is effectively merged with the HRPP Rule 52(a) harmless error standard of review because it is the duty of the trial court to properly instruct the jury.  As a result, once instructional error is demonstrated, we will vacate, without regard to whether timely objection was made, if there is a reasonable possibility that the error contributed to the defendant's conviction, *i.e.*, that the erroneous jury instruction was not harmless beyond a reasonable doubt.

State v. Nichols, 111 Hawai'i 327, 337, 141 P.3d 974, 984 (2006) (footnote omitted).  Thus, the appellant must first demonstrate instructional error by rebutting the "presumption that unobjected-to jury instructions are correct."  Id. at 337 n.6, 141 P.3d at 984 n.6; accord State v. Eberly, 107 Hawai'i 239, 250, 112 P.3d 725, 736 (2005).  If the appellant is able to rebut this presumption, the burden shifts to the State to prove that the error was harmless beyond a reasonable doubt because

> [e]rroneous instructions are presumptively harmful and are a ground for reversal unless it affirmatively appears from the record as a whole that the error was not prejudicial. However, error is not to be viewed in isolation and considered purely in the abstract.  It must be examined in the light of the entire proceedings and given the effect which the whole record shows it to be entitled.

Nichols, 111 Hawai'i at 334, 141 P.3d at 981 (brackets in original omitted) (quoting State v. Gonsalves, 108 Hawai'i 289, 293, 119 P.3d 597, 601 (2005)).

### B.  Motion for Mistrial

> The denial of a motion for mistrial is within the sound discretion of the trial court and will not be upset absent a clear abuse of discretion.  State v. Loa, 83 Hawai'i 335, 349, 926 P.2d 1258, 1272 . . . (1996) (citations omitted).  "'The trial court abuses its discretion when it clearly exceeds the bounds of reason or disregards rules or principles

5

> of law or practice to the substantial detriment of a party litigant.'" State v. Ganal, 81 Hawai'i 358, 373, 917 P.2d 370, 385 (1996) (quoting State v. Furutani, 76 Hawai'i 172, 178-79, 873 P.2d 51, 57-58 (1994)).

> State v. Rogan, 91 Hawai'i 405, 411, 984 P.2d 1231, 1237 (1999).

State v. Plichta, 116 Hawai'i 200, 214, 172 P.3d 512, 526 (2007).

**C. Juror Misconduct**

> As a general matter, the granting or denial of a motion for new trial is within the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion. The same principle is applied in the context of a motion for new trial premised on juror misconduct.

> "The trial court abuses its discretion when it clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant."

> * * *

> . . . Because the right to an impartial jury in a criminal trial is so fundamental to our entire judicial system, . . . a criminal defendant is entitled to twelve impartial jurors. Thus, the trial court must grant a motion for new trial if any member (or members) of the jury was not impartial; failure to do so necessarily constitutes an abuse of discretion.

State v. Augustin, 89 Hawai'i 215, 219, 971 P.2d 304, 308 (App. 1998) (brackets omitted) (quoting State v. Furutani, 76 Hawai'i 172, 178-79, 873 P.2d 51, 57-58 (1994)).

### III. DISCUSSION

**A. Jury Instructions**

Chung contends Instruction 20 was plainly erroneous because "the three so-called elements/paragraphs [in Instruction 20] did not each correspond to a lone material element." Chung argues that Instruction 20 invited the jury to overlook the state of mind requirements for a UCPV charge because "Instruction No. 20 Element No. 3 failed to require that the jury specifically determine whether Chung acted intentionally or knowingly as to EACH *bona fide* material element[.]"[4] We disagree.

---

[4]     Chung also argues that Instruction 17, when read together with Instruction 20, "de-emphasized the importance of state-of-mind" by instructing that the "state of mind with which a person 'intentionally' or 'knowingly'
(continued...)

6

HRS § 708-836 provides that "[a] person commits the offense of unauthorized control of a propelled vehicle if the person intentionally or knowingly exerts unauthorized control over another's propelled vehicle by operating the vehicle without the owner's consent or by changing the identity of the vehicle without the owner's consent." Instruction 20 mirrored the statutory language of HRS § 708-836 verbatim, but also provided a list of three material elements that the jury needed to find in order to find Chung guilty of UCPV. The material elements described in Instruction 20 provided

> There are three material elements of the offense of Unauthorized Control of Propelled Vehicle, each of which the prosecution must prove beyond a reasonable doubt.
>
> These three elements are:
>
> 1. That, on or about the 4th day of October, 2012, in the City and County of Honolulu, [Chung] exerted unauthorized control over [Calventas'] propelled vehicle [(**Element 1**)]; and
>
> 2. That [Chung] did so by operating the vehicle without [Calventas'] consent [(**Element 2**)]; and
>
> 3. That [Chung] did so intentionally or knowingly. [(**Element 3**)]

The "intentionally or knowingly" state of mind applies to the other enumerated elements of the UCPV offense. See State v. Mainaaupo, 117 Hawai'i 235, 251, 178 P.3d 1, 17 (2008); see also HRS § 702-207 (2014 Repl.).

The circuit court's jury instruction included all the requisite elements of a UCPV offense. Also, the words "did so" and "or" found in Element 3 of Instruction 20 sufficiently indicated that one of the two states of mind had to be proven with respect to the preceding enumerated elements of the offense. See State v. Vliet, 95 Hawai'i 94, 100, 19 P.3d 42, 48 (2001).

---

[4](...continued) commits an act may be proved by circumstantial evidence." We take this time to note that the Hawai'i Supreme Court has repeated held that "[g]iven the difficulty of proving the requisite state of mind by direct evidence in criminal cases, proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient." State v. Eastman, 81 Hawai'i 131, 141, 913 P.2d 57, 67 (1996). See State v. Agard, 113 Hawai'i 321, 324, 151 P.3d 802, 805 (2007); State v. Stocker, 90 Hawai'i 85, 92, 976 P.2d 399, 406 (1999); State v. Batson, 73 Haw. 236, 254, 831 P.2d 924, 934 (1992).

Therefore, the circuit court's jury instruction was not erroneous. See id. ("While we do not necessarily endorse the form of this instruction, we cannot say it was defective."); see also State v. Palisbo, 93 Hawai'i 344, 351, 354, 3 P.3d 510, 517, 520 (App. 2000) (holding that a nearly identical UCPV state of mind instruction was not "prejudicially insufficient, erroneous, inconsistent, or misleading." (citation and quotation marks omitted.)).[5]

## B. Motion for Mistrial

Chung contends the circuit court erred in not granting his request for a mistrial because Juror No. 2's "inflammatory negative comments to the other eleven deliberating jurors constituted a highly prejudicial judgment about Chung's character (including his ethics, integrity, and honesty), *ergo* his credibility."

This court has held that "[t]he sixth amendment to the United States Constitution and article I, section 14 of the Hawai'i Constitution guarantee the criminally accused a fair trial by an impartial jury." State v. Bailey, 126 Hawai'i 383, 399, 271 P.3d 1142, 1158 (2012). "Inherent in this requirement is that a defendant receive a trial by an impartial jury free from outside influences." State v. Keliiholokai, 58 Haw. 356, 357, 569 P.2d 891, 892 (1977) (citation and quotation marks omitted). "The jury's verdict must be based upon evidence received in open court and not from outside sources." Id.

The following framework has been developed to determine whether an outside influence prejudices a defendant's right to a fair trial:

> Once there is a claim that an accused is being denied his or her right to a fair trial because of outside influences infecting a jury,
>
>> the initial step for the trial court to take . . . is to determine whether the nature of the [outside influence] rises to the level of being substantially prejudicial. "If it does not rise to such a level, the trial court is under no duty to interrogate the jury . . . And whether it does rise to the level of

---

[5]     We note that the format used for Instruction 20 is a standard format used in the Hawaii Criminal Jury Instructions.

> substantial prejudice . . . is ordinarily a question
> 'committed to the trial court's discretion . . . .'"
>
> Keliiholokai, 58 Haw. at 359, 569 P.2d at 895 (citations
> omitted). Where the trial court does determine that such
> influence is of a nature which could substantially prejudice
> the defendant's right to a fair trial, a rebuttable
> presumption of prejudice is raised. The trial judge is then
> duty bound to further investigate the totality of
> circumstances surrounding the outside influence to determine
> its impact on jury impartiality. Keliiholokai, 58 Haw. 356,
> 569 P.2d 891; State v. Messamore, 2 Haw. App. 643, 639 P.2d
> 413 (1982). The standard to be applied in overcoming such a
> presumption is that the outside influence on the jury must
> be proven harmless beyond a reasonable doubt. State v.
> Amorin, 58 Haw. 623, 574 P.2d 895 (1978); State v. Pokini,
> 55 Haw. 640, 526 P.2d 94 (1974). The trial court, in its
> investigation of the totality of circumstances, should
> include individual examination of potentially tainted
> jurors, outside the presence of the other jurors, to
> determine the influence, if any, of the extraneous matters.

State v. Williamson, 72 Haw. 97, 102, 807 P.2d 593, 596 (1991);
see also State v. Napulou, 85 Hawai'i 49, 56, 936 P.2d 1297,
1304 (App. 1997).

Although the circuit court individually questioned each juror, Chung argues that "[t]he court's questioning failed to elicit substantive and substantial evidence to overcome the presumption of prejudice." In support of his argument, Chung argues that his case is factually similar to the facts in Pokini. We disagree.

In Pokini, the defendants were sentenced to thirty years in prison for their alleged part in a high profile robbery. Pokini, 55 Haw. at 640-41, 526 P.2d at 98. During voir dire, the trial judge refused to allow any inquiry into the extent and nature of the publicity to which jurors claimed to have been exposed before trial. Pokini, 55 Haw. at 643, 526 P.2d at 100. On appeal to the Hawai'i Supreme Court, the defendants alleged that by not questioning the jurors further, the trial judge had denied their right to a fair trial. Id.

The supreme court held that "[w]here pre-trial publicity is as extensive and as likely prejudicial as it was here, the constitutional right to an impartial jury requires examination into objective as well as subjective indicia of non-prejudice." Id. As an example, the supreme court cited to Silverthorne v. United States, 400 F.2d 627, 638 (9th Cir. 1968)

9

where "the [9th Circuit Court] held that extensive pre-trial publicity of the case compelled the trial judge on *voir dire* of prospective jurors to ascertain '*what* information the jurors had accumulated" and opined that "[a]bbreviated inquiry into the jurors' subjective ability to be fair and impartial was inadequate[.]" Pokini, 55 Haw. at 643, 526 P.2d at 100. The court in Pokini noted that instead of determining the "extent and nature of the specific matters of publicity to which jurors had been exposed[,]" "the trial judge relied on perfunctory and generalized questions which elicited responses from these juror solely on their subjective ability to ignore pre-trial publicity and be fair and impartial." Id. Because the trial judge in Pokini failed to consider crucial evidence of possible juror bias, the supreme court held that his decision to not to excuse jurors for cause was rendered "fatally uninformed" and, thus, constituted reversible error. Id. at 643, 526 P.2d at 101.

Pokini is distinguishable from the facts of this case on appeal. Unlike the trial judge in Pokini, the circuit court gathered sufficient evidence to make an informed determination that the remaining eleven jurors in Chung's trial could remain fair and impartial. The circuit court asked each juror individually whether Juror No. 2 talked to him or her about the encounter with Chung, whether Juror No. 2 shared her impressions of Chung with the juror and what those impressions were, whether Juror No. 2's shared impression would affect the juror's ability to be a fair and impartial in Chung's case, and whether the juror would be able to base his or her decision solely on the evidence that was presented in the case and not Juror No. 2's impression. Each juror shared with the circuit court what he or she heard from Juror No. 2 and indicated that, regardless of Juror No. 2's statements, he or she could remain a fair and impartial juror. Thus, unlike Pokini, the circuit court's inquiry was sufficient to elicit the type of evidence necessary for the court to assess each juror's objective and subjective ability to disregard Juror No. 2's impressions and remain fair and impartial.

Furthermore, after the circuit court excused Juror No.

2, Chung's defense counsel was permitted to question the remaining jurors. Chung's counsel asked jurors whether they would be able to remind the jury that they are not to consider Juror No. 2's opinion, if another juror were to bring up her opinion during deliberations. Each juror asked indicated that he or she would be able to do so. Given the nature of the outside influence and the remaining eleven jurors' unequivocal responses that indicated that they could remain fair and impartial, the circuit court did not abuse its discretion when it denied Chung's motion for a mistrial. See Napulou, 85 Hawai'i at 56, 936 P.2d at 1304.

## IV. CONCLUSION

Therefore, the "Judgment of Conviction and Probation Sentence," entered on June 3, 2014 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, August 11, 2015.

On the briefs:

Phyllis J. Hironaka
Deputy Public Defender
for Defendant-Appellant.

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

11